# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1924V
UNPUBLISHED

| | |
|---|---|
| MARY RICHARDSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 1, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 29, 2021, Mary Richardson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she developed Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on October 2, 2018. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 11, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 27, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $176,500.00 representing compensation for pain and suffering, and $28,826.87 to satisfy a State of Ohio Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award:**

A. **Petitioner a lump sum payment of $176,500.00, representing compensation for pain and suffering, in the form of a check payable to Petitioner;**

B. **A lump sum payment of $28,826.87, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **Treasurer, State of Ohio**
> **Ohio Tort Recovery Unit**
> **5475 Rings Road Suite 200**
> **Dublin, OH 43017**

Petitioner agrees to endorse the check to the Treasurer, State of Ohio, for satisfaction of the Medicaid lien.

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MARY RICHARDSON, | ) | |
| | ) | No. 21-1924V ECF |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.    Procedural History

On September 29, 2021, Mary Richardson ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleges that, as a result of receiving the influenza vaccine on October 2, 2018, she suffered from Guillain-Barré Syndrome ("GBS"). *See* Petition. On August 10, 2022, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. *See* ECF No. 21. On August 11, 2022, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. *See* ECF No. 22.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

**II.     Items of Compensation**

   A.  <u>Pain and Suffering</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$176,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

   B.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Ohio Medicaid lien in the amount of **$28,826.87**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 2, 2018, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**III.    Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

   A.  A lump sum payment of **$176,500.00** in the form of a check payable to petitioner; and

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

    B.   A lump sum payment of **$28,826.87**, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioner and:

Treasurer, State of Ohio
Ohio Tort Recovery Unit
5475 Rings Road Suite 200
Dublin, OH 43017

Petitioner agrees to endorse the check to the Treasurer, State of Ohio, for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ NINA Y. REN
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 305-3781
Nina.Ren@usdoj.gov

DATED: February 27, 2023